RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Alexander C.D. Giza, SBN 212327
Email: agiza@raklaw.com
Andrew D. Weiss, SBN 232974
Email: aweiss@raklaw.com
Fredricka Ung, SBN 253794
Email: fung@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:   (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiffs
NEUROGRAFIX, NEUROGRAPHY
INSTITUTE MEDICAL
ASSOCIATES, INC.,
IMAGE-BASED SURGICENTER
CORPORATION, and
WASHINGTON RESEARCH
FOUNDATION

Jennifer A. Sklenar, SBN 200434
jennifer.sklenar@aporter.com
Arnold & Porter LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for
GENERAL ELECTRIC COMPANY

Carolyn Chang, SBN 217933
cchang@fenwick.com
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for
THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; WASHINGTON RESEARCH FOUNDATION, <br><br> Plaintiffs, <br><br> vs. <br><br> THE REGENTS OF THE UNIVERSITY OF CALIFORNIA <br><br> Defendant. | Case No.  CV 11-07591 MRP (RZx) <br><br> The Hon. Mariana R. Pfaelzer <br> United States District Court Judge |
| GENERAL ELECTRIC COMPANY <br><br> Intervener-Plaintiff, <br> vs. <br><br> NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; WASHINGTON RESEARCH FOUNDATION, <br><br> Defendants. | |
| GENERAL ELECTRIC COMPANY <br><br> Plaintiff, <br> vs. <br><br> NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE- | Case No. CV 12-4586 MRP (RZx) <br><br> The Hon. Mariana R. Pfaelzer <br> United States District Court Judge |

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1
2
3
4

BASED SURGICENTER
CORPORATION; WASHINGTON
RESEARCH FOUNDATION,

     Defendants.

5

## [PROPOSED] STIPULATED PROTECTIVE ORDER

6

    **WHEREAS**, NeuroGrafix, Neurography Institute Medical Associates, Inc.,
7 Image-Based Surgicenter Corporation and Washington Research Foundation
8 (collectively, "Plaintiffs"), and The Regents of The University of California and
9 General Electric Company (collectively, "Defendants") (Plaintiffs and Defendants
10 collectively, the "Parties") possess information relating to the above-references
11 matters that is confidential;

12     **WHEREAS**, the parties recognize that, in the course of discovery in this
13 lawsuit, it may be necessary to disclose such confidential matter to the other party,
14 but each of them desires to ensure that such confidential matter shall not be used
15 for any purpose other than this action, and shall not be made public or otherwise
16 disseminated, except to the extent necessary for purposes of this action;

17     **WHEREAS**, the parties, by and through their respective counsel of record,
18 have agreed to the text of a Protective Order to prevent unnecessary disclosure or
19 dissemination of their confidential information;

20     Upon consideration of the foregoing, it is hereby ORDERED as follows:

21     1.    **Definitions.** For purposes of this Protective Order, the following
22 definitions shall apply:

23         a.  The term "document" shall have the full meaning ascribed to it by
24             the Federal Rules of Civil Procedure and shall include without
25             limitation any records, exhibits, reports, samples, transcripts, video
26             or audio recordings, affidavits, briefs, summaries, notes, abstracts,
27             drawings, company records and reports, answers to interrogatories,

28

          **[PROPOSED] STIPULATED
            PROTECTIVE ORDER**

1    responses to requests for admissions, or motions, including copies

2    or computer-stored versions of any of the foregoing.

3    b.  The term "Disclosing Party" is defined herein as any party or non-

4    party who is requested to produce or produces documents,

5    materials or testimony containing Confidential Material.

6    c.  The term "Receiving Party" is defined herein as any party to whom

7    documents, materials or testimony containing Confidential

8    Material is provided.

9    d.  The term "Confidential Information" is defined herein as

10   information that has not been made public, the disclosure of which

11   the Disclosing Party contends could cause harm to the business

12   operations of the Disclosing Party or provide improper advantage

13   to others, including, but not limited to, trade secrets within the

14   meaning of California Civil Code § 3426.1.[1]  Confidential

15   Information includes, without limitation, information that the

16   designating party reasonably and in good faith believes relates to

17   (1) current business/strategic plans, (2) technical product

18   specifications and information, (3) sales, cost and price

19   information including future sales/financial projections, (4) non-

20   public marketing information including future marketing plans, (5)

21   detailed sales and financial data, (6) customer lists, or (7) other

22

23   _____

24   [1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process,

25   that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value

26   from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

27

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1    information of competitive, technical, financial, or commercial

2    significance comparable to the items listed in this paragraph.

3    Confidential Information also includes non-public personal or

4    private information, such as (without limitation) personnel records.

5    e.  The term " Source Code" or "Highly Confidential Information –

6    Source Code" refers to computer instructions, data structures, data

7    schema, and data definitions expressed in a form suitable for input

8    to an assembler, compiler, translator, or other data processing

9    module that the Disclosing Party believes in good faith is not

10   generally known to others and has significant competitive value

11   such that unrestricted disclosure to others would harm the

12   Disclosing Party, and which the Disclosing Party would not

13   normally reveal to third parties except in confidence or has

14   undertaken with others to maintain in confidence.  Source Code

15   may be included in structured files in formats including, but not

16   limited to, HTML, XML, XSL, SGML, C, C++ and C#.

17   f.  The term "Confidential Material" refers collectively to

18   Confidential Information and Source Code.

19   g.  "Outside Service Organization" is defined herein as an individual

20   or organization that provides photocopying services, discovery

21   services such as document processing services, translation services

22   or graphics services to counsel as part of discovery or preparation

23   and trial of this action.

24   h.  "Outside Counsel" is defined herein as (1) outside counsel who

25   appear on the pleadings as counsel for a Party, and (2) partners,

26   associates, contract lawyers, employees, and staff of such counsel

27   to whom it is reasonably necessary to disclose the information for

28   this litigation, including supporting personnel employed by the

5

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

1                outside counsel who appear on the pleadings, such as paralegals,

2                legal translators, legal secretaries, and legal clerks.

3       2.     **Applicability of Protective Order.** If, in the course of this litigation,

4 a party undertakes or is caused to disclose what the Disclosing Party contends is

5 Confidential Material (i.e., Confidential Information or Highly Confidential

6 Information – Source Code) the procedures set forth herein shall be employed and

7 the disclosure thereof shall be subject to this Protective Order.  Confidential

8 Material shall be used solely in the preparation, prosecution or trial of this action.

9       3.     **Other Cases.** By entering this Order and limiting the disclosure of

10 information in this case, the Court does not intend to preclude another court from

11 finding that information may be relevant and subject to disclosure in another case.

12 A Receiving Party who is requested to produce Confidential Material received

13 from a Disclosing Party must promptly notify the Disclosing Party of such a

14 request. If the request becomes subject to a motion, the Receiving Party shall

15 immediately notify the Disclosing Party of the motion so that the Disclosing party

16 may have an opportunity to appear and be heard on whether that information

17 should be disclosed.

18       4.     **Disclosure Prohibited.**  Confidential Material or the substance or

19 context thereof, including any notes, memoranda or other similar documents

20 relating thereto, shall not be disclosed or summarized, either in writing or orally,

21 by a Receiving Party to anyone other than persons permitted to have access to such

22 information under this Order.  Nothing in this Protective Order shall limit

23 disclosure or use by a Designating Party of its own Confidential Material.  Further,

24 nothing in this Protective Order prevent counsel from updating their client as to the

25 status of the litigation, including providing high-level summaries and analyses of

26 Confidential Material as it relates to the claim and defenses in this action.  High-

27 level summaries and analyses to a client shall not disclose the specific content of

28 the Confidential Material.

**[PROPOSED] STIPULATED**
**PROTECTIVE ORDER**

5. **Designating and Marking Confidential Material.** Confidential Material to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Protective Order shall be designated and marked as follows:

a. **Documents.** Documents may be designated as "Confidential Information" by placing the following legend, or equivalent thereof, on any such document:

<strong>CONFIDENTIAL</strong>

Documents may be designation as "Highly Confidential Information – Source Code" by placing the following legend, or equivalent thereof, on any such document:

**HIGHLY CONFIDENTIAL – SOURCE CODE**

Such legends shall be placed upon every page of each document containing Confidential Material. In lieu of marking the originals of documents, the party may mark the copies that are produced or exchanged.

b. **Non-Paper Media.** Where Confidential Material is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, DVD, etc.), the appropriate confidentiality notice as described in Section 5(a) above should be placed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. To the extent that any Receiving Party prints any of the information contained on non-paper media that is designated as Confidential Material, such printouts will be marked as described in Section 5(a) above by the Receiving Party.

c. **Physical Exhibits.** The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Section 5(a)

7

1    above.

2          d.  **Written Discovery.** In the case of Confidential Material

3    incorporated in answers to interrogatories or responses to requests

4    for admission, the appropriate confidentiality notice as described in

5    Section 5(a) above shall be placed only on the first page of the

6    document and on each answer or response that actually contains

7    Confidential Material.

8       6.    **Access to Confidential Material Designated CONFIDENTIAL.**  A

9    Receiving Party may disclose Confidential Material designated as

10    "CONFIDENTIAL" only to the following:

11         a.  The Receiving Party's Outside Counsel;

12         b.  One in-house counsel of the Receiving Party with decision-making

13    responsibility for this litigation but who is not involved in

14    competitive decision making of the Receiving Party.

15    For General Electric Company the designated person is Jay

16    Stewart.

17    For The Regents the designated person is Martin Simpson.

18    A Receiving Party may substitute an in-house counsel designated

19    under this subsection by serving a written notice on the other

20    parties that sets forth the full name, current employer(s) and job

21    title(s) of the newly designated in-house counsel.

22         c.  Any independent expert or consultant retained by a Receiving

23    Party or its Outside Counsel and any personnel assisting the

24    independent expert or consultant in this lawsuit, provided that such

25    disclosure is only to the extent necessary to perform such work,

26    and further provided that: (a) such person has signed the

27    acknowledgement form annexed hereto as Attachment A agreeing

28    to be bound by the terms of this Order, and (b) there are no

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

1  unresolved objections to such disclosure existing after proper

2  notice has been given to all parties as set forth in Section 15;

3     d.  Court reporters, stenographers and videographers retained to

4  record testimony taken in this action, to whom disclosure is

5  reasonably necessary for this litigation;

6     e.  The Court, jury, and Court personnel (under seal or with other

7  suitable precautions determined by the Court);

8     f.  Personnel of an Outside Service Organization providing a

9  Receiving Party with document litigation support, graphics,

10  translation, design, and/or trial consulting services to whom

11  disclosure is reasonably necessary for this litigation, provided that

12  each such person, including their staff, has signed the

13  acknowledgement form annexed hereto as Attachment A agreeing

14  to be bound by the terms of this Order, and provided that such

15  Personnel are not an officer, director, or employee of the Receiving

16  Party;

17     g.  Any mediator who is assigned to hear this matter, and his or her

18  staff, subject to their agreement to maintain confidentiality to the

19  same degree as required by this Protective Order;

20     h.  Mock jurors who have signed the acknowledgement form annexed

21  hereto as Attachment A agreeing to be bound by the terms and

22  conditions of this Order;

23     i.  Any other person with the prior written consent of the Disclosing

24  Party.

25     7.    **Access to Confidential Material Designated HIGHLY**

26  **CONFIDENTIAL – SOURCE CODE.**  A Receiving Party may disclose

27  Confidential Material designated as "HIGHLY CONFIDENTIAL – SOURCE

28  CODE" only to the following:

**[PROPOSED] STIPULATED**
**PROTECTIVE ORDER**

a. All persons allowed access to Confidential Material designated as CONFIDENTIAL as set forth in paragraph 6 pursuant to the same terms and conditions, except the persons described in Sections 6(b), 6(h) and 6(i).

8. **Deposition Proceedings.** Counsel for the parties agree that the Designating Party shall make a good faith effort to designate as Confidential Material those specific portions of a deposition transcript that contain Confidential Material.  The entire transcript of a deposition shall be treated as Highly Confidential Information until 30 days after receipt of the deposition transcript by counsel for the witness, after which the information revealed during the deposition shall cease to be treated as Highly Confidential Information unless, at the deposition and on the record, or in writing before the 30 days have expired, the witness, his or her employer or his or her counsel designate those portions of the deposition transcript (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  In the case of non-party witnesses, any party or the non-party witness, his or her employer, or his or her counsel may designate information revealed as Confidential Material either by a statement to such effect on the record in the course of the deposition, or in writing within 30 days of receipt of the deposition by the non-party witness' counsel.

Counsel for any Disclosing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such right of exclusion shall be applicable only during periods of examination or testimony directed to or compromising Confidential Material of the Disclosing Party.

The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been

10

1    stated to contain Confidential Material and may furnish copies of these segregated

2    portions, in a sealed envelope, only to the deponent, to the Court, and to counsel

3    for the parties bound by the terms of this Protective Order.  The Court Reporter

4    may be asked to prepare CONFIDENTIAL, HIGHLY CONFIDENTIAL –

5    SOURCE CODE or non-confidential versions of the transcript, as appropriate.

6         With regard to designations made within thirty (30) days after receipt of the

7    deposition transcript of a deposition, counsel shall make such designations by

8    sending written notice to the Court Reporter, to counsel for the parties, and to any

9    other person known to have a copy of said transcript.  The notice shall reference

10   this Protective Order, identify the appropriate level of confidentiality, and identify

11   the pages and/or exhibits so designated.  All copies of transcripts designated in this

12   fashion shall be marked with a notice indicating the appropriate level of

13   confidentiality of the material and shall be governed by the terms of this Protective

14   Order.

15        9.    **Disclosure and Review of Source Code.**  Any Source Code that a

16   Disclosing Party produces shall be produced or made available only to persons

17   authorized to have access to Source Code pursuant to this Protective Order, unless

18   otherwise mutually agreed to by the Parties.

19              a.  A Disclosing Party shall produce Source Code in electronic format

20                  and as it is kept in the ordinary course of business (*i.e.*, native

21                  format with the directory structure and file names maintained).

22                  Source Code shall be produced on an electronic storage medium

23                  such as a CD-ROM or DVD marked as HIGHLY

24                  CONFIDENTIAL – SOURCE CODE, and the Outside Counsel for

25                  the Receiving Party shall maintain and store such Source Code at

26                  Outside Counsel's offices or by Receiving Parties' approved

27                  independent experts or consultants in a manner that prevents

28

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

unauthorized access to the Source Code, including, without limitation, the following minimum safeguards:

(1) The media containing Source Code must only be accessed on a non-network connected computer and must be removed from the non-network connected computer and stored in a locked safe or cabinet when it is not actually being used to view the Source Code contained therein;

(2) No electronic copies of Source Code, other than volatile copies necessarily made in the course of loading and accessing the Source Code on the non-networked computer, shall be made.

b. The Receiving Party shall be allowed to printout Source Code inspected and reviewed pursuant to Section 9(a) in accordance with the following provisions:

(1) The Receiving Party shall only printout those portions of the code reasonably necessary to case preparation activity. The Receiving Party shall not print any continuous block of Source Code that results in more than 100 pages of Source Code in total for each Disclosing Party. The printed portions shall be printed in no smaller than twelve (12) point font. The Disclosing and Receiving Parties may agree to reasonable modifications to these printing limits on a case-by-case basis.

(2) Any pages of Source Code printed by the Receiving Party in accordance with the terms of this order shall be Bates numbered and labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." Outside Counsel for the Receiving Party shall produce to the Disclosing Party, within 5 business days of the printout, one set of all pages of Source Code printed by the Receiving Party (as

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1    Bates numbered and labeled "HIGHLY CONFIDENTIAL –

2    SOURCE CODE").

3    (3)  The Receiving Party shall not print Source Code in order to

4         review blocks of source code elsewhere in the first instance,

5         *i.e.*, as an alternative to reviewing that Source Code

6         electronically on the non-network connected computer, as the

7         Parties acknowledge and agree that the purpose of the

8         protections herein would be frustrated by printing portions of

9         Source Code for review and analysis elsewhere.

10   c.  The Receiving Party may make no more than three (3) paper

11       copies of any page of the Source Code printed by the Receiving

12       Party, not including copies attached to documents listed in Section

13       9(g).  To the extent the Receiving Party seeks to make additional

14       paper copies of a particular Disclosing Party's Source Code, the

15       Parties shall meet and confer in good faith.  Electronic copies of

16       Source Code may not be made without prior written consent of the

17       Disclosing Party, except to the extent necessary to e-file a

18       document with the Court.  In no event may copies of Source Code

19       be scanned using optical character recognition ("OCR") or similar

20       technology.

21   d.  The Receiving Party's Outside Counsel and retained independent

22       experts or consultants otherwise allowed to view Source Code

23       shall be entitled to take notes relating to the Source Code provided,

24       however, that no one may copy any portion of Source Code into

25       said notes, as provisions for copying Source Code are provided in

26       Section 9(b).

27   e.  The Receiving Party's Outside Counsel and retained independent

28       experts or consultants must maintain any paper copies of and notes

**[PROPOSED] STIPULATED**
**PROTECTIVE ORDER**

relating to the Source Code in a secure location in a manner that prevents duplication of or unauthorized access to the Source Code or notes when not in use, such as storing the Source Code or notes in a locked room or cabinet at all times when it is not in use.  Any paper copies of such Source Code or notes related to such Source Code shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."  Notwithstanding the foregoing, attorneys and independent experts and consultants may make and retain copies of paper copies of the Source Code produced by the Disclosing Party for use as described in Section 9(g), and nothing herein shall be construed to make such notes discoverable absent a waiver of attorney-client, work product, or other privilege.

f.  The Parties shall not provide the court reporter with copies of Source Code that are marked as deposition exhibits and such exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

g.  A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, infringement contentions, other Court document, or any drafts of these documents (hereinafter a "Source Code Document").  To the extent portions of Source Code are quoted or otherwise disclosed in a Source Code Document, such document shall be filed under seal such that Source Code is redacted in any publicly available document or filing.  A Receiving Party shall make a good faith effort to quote the minimum amount of Source Code necessary in any such document.

h.  <u>Miscellaneous</u>.

(1)  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(2)  All cumulative paper or electronic copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition).

(3)  Access to and review of Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

(4)  Any Confidential Material designated by a Disclosing Party as "HIGHLY CONFIDENTIAL – SOURCE CODE" which is not in the form of electronic computer Source Code shall be produced to a Receiving Party in electronic format.  The limits above applying to access and storage of Source Code and notes relating to Source Code shall apply to such Discovery Materials.  The Receiving Party's Outside Counsel and retained independent experts or consultants must maintain such Discovery Material in a secure location in a manner that prevents duplication of or unauthorized access to the Source Code or notes when not in use, including, without limitation, storing the Source Code or notes in a locked room or cabinet at all times when it is not in use.

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

(5)  The Receiving Party shall comply with any applicable export controls under the laws of the United States and agrees not to knowingly export, re-export, or transfer any Source Code of the Disclosing Party outside of the United States without first obtaining authorization from the Disclosing Party.

10.  **Designating Inspections of Documents and Tangible Items.** Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, all items being inspected shall be deemed "CONFIDENTIAL" until the Disclosing Party indicates otherwise in writing or delivers copies of them to the party seeking discovery with no "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – SOURCE CODE" designation, in which case the provisions of Section 11 shall also apply.  If a Disclosing Party believes that inspection, measuring, testing, sampling, or photographing of the Disclosing Party's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P.34 will reveal or disclose information that is in good faith deemed Confidential Information or Highly Confidential Information – Source Code, the Disclosing Party shall advise the Receiving Party in advance that the inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis, and that the information discovered, and any information derived from that information, shall be treated as Confidential Information or Highly Confidential Information.

11.  **Inadvertent Nondesignation.**  The failure to designate Confidential Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before or at the time of disclosure shall not operate as a waiver of a Disclosing Party's right to designate said information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  In the event that Confidential Material is designated as such after disclosure, a Receiving Party shall employ reasonable efforts to ensure that all such information is subsequently treated as

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to the terms of this Protective Order.  Disclosure of such Confidential Material to persons not authorized to receive that information before receipt of the confidentiality designation shall not be deemed a violation of this Protective Order.  However, in the event the document or information has been distributed in a manner inconsistent with the designation, a Receiving Party will take the steps necessary to conform distribution to the designation: i.e., returning all copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" document, or notes or extracts thereof, to the persons authorized to possess such documents.  In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing.  In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a futile act, the party shall promptly notify the Disclosing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

12.  **Misdesignation.** A Disclosing Party will use reasonable efforts to avoid designating, or to de-designate in a reasonable time after request, any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is not entitled to such designation or that is generally available to the public.

13.  **Challenging Designation of Materials.** Any Receiving Party disagreeing with the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall notify the Disclosing Party in writing.  The Disclosing Party shall then have a reasonable period, not exceeding five (5) business days, from the date of receipt of such notice to: (1) advise the Receiving Party whether or not the Disclosing Party

persists in such designation; and (2) if the Disclosing Party persists in the

designation, to explain the reasons for the particular designation.  If after meeting

and conferring, the parties are unable to agree on the designation of the document or

information, then the party objecting to the designation shall seek a Court resolution

of the parties' dispute, as governed by Local Rules 37-1 and 37-2, including the

Joint Stipulation requirement, subject to the following expedited schedule.  The

moving party shall deliver to the opposing party its portion of the Joint Stipulation

and related papers, as described in Local Rule 37-2.1, within two (2) business days

of the completion of the meet and confer process.  Within two (2) business days of

receipt, the opposing party shall return its portion of the required Joint Stipulation

and related papers, as described in Local Rule 37-2.1, to the moving party.  The

Disclosing Party bears the burden of establishing the appropriateness of the

confidentiality designation.

The failure of a Receiving Party to expressly challenge a claim of

confidentiality or the designation of any document or information as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" at the

time of disclosure shall not constitute a waiver of the right to assert at any

subsequent time that the same is not in fact confidential or not an appropriate

designation for any reason.

14.   Nothing herein is intended to prevent showing a document designated

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to a

person at deposition whom the document indicates is or was an author or an

authorized recipient of the document.  Additionally, for employees of the

Disclosing Party, documents designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – SOURCE CODE" may be shown to the witness if the

deposing attorney reasonably believes the witness is knowledgeable about the

document or its contents.   No copies of such documents shall be given to such

individuals for them to retain.  Furthermore, if a document or testimony makes

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

reference to the actual or alleged conduct or statements of a person who is a potential witness, the discussion by counsel of such conduct or statements with such witness (without revealing any portion of the document or testimony) shall not constitute a disclosure in violation of this Protective Order.  During deposition or trial testimony, counsel may disclose documents produced by a party to current employees or officers of the Disclosing Party.

15. **Experts and Consultants.**  Before disclosing any Confidential Material to outside experts or consultants, the Receiving Party seeking to disclose such information shall provide to the Disclosing Party: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; (iv) an identification of any work performed for or on behalf of any party by that person within the six (6) year period before the filing of the above-captioned action; and (v) a signed copy of the agreement attached hereto as Attachment A.  Within five (5) business days of receipt of this information, the Disclosing Party may object to the proposed outside expert or consultant on a reasonable basis.

a. If objection to disclosure is made within the time required, the parties shall meet and confer within five (5) business days of such objection; and, if not resolved, then the party objecting to the expert or consultant shall seek a Court resolution of the parties' dispute, as governed by Local Rules 37-1 and 37-2, including the Joint Stipulation requirement, subject to the following expedited schedule.  The moving party shall deliver to the opposing party its portion of the Joint Stipulation and related papers, as described in Local Rule 37-2.1, within two (2) business days of the completion of the meet and confer process.  Within two (2) business days of receipt, the opposing party shall return its portion of the required Joint Stipulation and related papers, as described in Local Rule 37-

19

2.1, to the moving party.   The moving party has the burden of persuasion.  The moving party must use its power to object or seek modifications reasonably and may not, for example, make an objection or seek modifications simply to introduce delay or attempt to discover privileged information.  Any modification of this Order will not have the force and effect of a Court order unless approved by the Court.

b. Failure to object to an outside expert or consultant shall not preclude the Disclosing Party from later objecting to continued access by that outside expert or consultant for good cause.  If an objection is made, the parties shall use the same dispute resolution methodology stated in Section 15(a).

16.   Any court reporter or videographer who records testimony in this action at a deposition shall be provided with a copy of this Protective Order by the party noticing the deposition.  That party shall advise the court reporter and videographer, before any testimony is taken, that all documents, information, or testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" is and shall remain confidential and shall not be disclosed except as provided in this Protective Order.  The noticing party shall further advise the court reporter and videographer that copies of all transcripts, reporting notes and all other records of any such testimony must be treated in accordance with this Protective Order, delivered to attorneys of record, or filed under seal with the Court.

17.   **Filing Under Seal.**  If documents or information containing Confidential Material is included in any papers to be filed with the Court, the party making the filing shall seek an order sealing the Confidential Material in a manner consistent with Local Rule 79-5.

**[PROPOSED] STIPULATED**
**PROTECTIVE ORDER**

18.     **Custody of Confidential Materials.** Documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be maintained in the custody of counsel for the parties except that: (a) any court reporter who transcribes testimony given in this action may maintain (subject to Section 9(f)) any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of these documents may be retained by persons entitled to access of such documents under the terms of this Order to the extent necessary for their study, analysis and preparation of the case.  A person with custody of documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

19.     **Procedure in Event of Non-Permitted Disclosure.** Should any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Order; and shall (a) promptly inform such person of all the provisions of this Order; (b) request such person to sign the agreement in the form attached hereto as Attachment A; and (c) identify such person immediately to the Disclosing Party that designated the document as confidential.  The executed agreement shall promptly be served upon the party that designated the document as confidential.

20.     **Prosecution Bar.**

Each individual who actually receives or learns of Disclosing Party's Confidential Material shall thereafter be prohibited from being directly involved in claim drafting, reviewing, or editing, where such claims are related to U.S. Patent No. 5,560,360 or the imaging of neural tissue using MRI.  This bar shall apply

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

from the date commencing with such disclosure through a period of one year after termination of this litigation.  Nothing in this paragraph shall prevent such individuals from advising reexamination counsel in any reexamination proceeding involving a patent-in-suit if the following conditions are met: (1) the patentee or the assignee retains reexamination counsel separate from, and unaffiliated with outside litigation counsel in this case, (2) the individual does not directly prosecute the reexamination, in whole or in part, (3) the individual does not reveal Protected Matters to outside reexamination counsel, and (4) the individual does not use the Disclosing Party's Confidential Material for any purpose other than the preparation for and conduct of the trial in this case, which shall include not using the Disclosing Party's Confidential Material or knowledge gained therefrom in connection with advising reexamination counsel, the patentee, or the assignee regarding the reexamination.  Individuals may not, however, be involved in the drafting of new or amended claims during the reexamination proceeding. Individuals may also send non-confidential prior art to any person under a duty of candor involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

21. **Limited Scope.** The purpose of this Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

22. **No Waiver of Privilege or Work Product.** The terms of this Order shall in no way affect a Disclosing Party's right to (a) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b) reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and containing no information designated

[PROPOSED] STIPULATED
PROTECTIVE ORDER

by another party or third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

23.    **No Application to Public or Otherwise Available Information.** The restrictions and obligations set forth herein relating to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not apply to any information which: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Protective Order; or (c) has come or shall come into a Receiving Party's legitimate possession independently of the Disclosing party.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" if that person already has or obtains legitimate possession thereof.

24.    **Conclusion of Litigation.** Unless counsel agrees otherwise in writing, within sixty (60) days of the final disposition of this action including any appeals, the attorneys for the Receiving Parties shall return promptly to the Disclosing Party from whom they were obtained, all documents, other than attorney work-product, which have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or destroy same; and return or destroy all copies made thereof, including all documents, or copies provided by a Receiving Party to any other person.  Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of materials created during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court and a copy of all depositions, including exhibits.  Such file copies must be maintained under the conditions of "CONFIDENTIAL" documents as set out in Section 6.  At the conclusion of the 60-day period, counsel for each party shall represent in writing under penalty of perjury that to his or her knowledge and

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   belief the party has either returned or destroyed all Confidential Material in

2   accordance with this order.

3         25.    **Subpoenas in Other Actions.** In the event any person or Receiving

4   Party having possession, custody or control of any document or information

5   produced in this action and designated "CONFIDENTIAL" or "HIGHLY

6   CONFIDENTIAL – SOURCE CODE" by a Disclosing Party receives a subpoena

7   or other process or order to produce such information, such subpoenaed person or

8   entity shall notify the attorneys of record of the Disclosing Party claiming such

9   confidential treatment of the document sought by such subpoena or other process

10   or order, shall furnish those attorneys with a copy of said subpoena or other

11   process or order, and shall cooperate with respect to any procedure sought to be

12   pursued by the party whose interest may be affected.  The Disclosing Party

13   asserting the confidential treatment shall have the burden of defending against such

14   subpoena, process or order.  If the Disclosing Party fails to move to quash, or

15   otherwise prevent disclosure within a reasonable time period, the person or party

16   receiving the subpoena or other process or order shall be entitled to comply with

17   the subpoena.

18         26.    **Continuing Jurisdiction.** The Court retains jurisdiction even after

19   termination of this action to enforce this Order and to make such amendments,

20   modifications, deletions and additions to this Protective Order as the Court may

21   from time to time deem appropriate.  The parties reserve all rights to apply to the

22   Court at any time, before or after termination of this action, for an order modifying

23   this Protective Order for good cause.

24         27.    **Obligations to Third Parties.** If the discovery process calls for the

25   production of information that a party does not wish to produce because the party

26   believes its disclosure would breach an express or implied agreement with a non-

27   party to maintain such information in confidence, the Disclosing Party shall give

28   written notice to the non-party that its information is subject to discovery in this

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

1   litigation, and shall provide the non-party with a copy of this Protective Order.

2   When such written notice is given to the non-party, the Disclosing Party will

3   advise the potential Receiving Party that such notice has been given.  The parties

4   shall cooperate with each other and the non-party in attempting to resolve any

5   disputes over disclosure and with each other in bringing unresolved disputes before

6   the Court for resolution.

7         28.    **Headings.**  The headings herein are provided only for the

8   convenience of the parties, and are not limited to define or limit the scope of the

9   express terms of this Protective Order.

10

11                                  Respectfully submitted,

12   Dated:  November 7, 2012        **RUSS AUGUST & KABAT**

13                                   By:   */s/ Marc A. Fenster*

14                                        Marc A. Fenster

15                                   Attorneys for Plaintiffs
                                     NEUROGRAFIX, NEUROGRAPHY
16                                   INSTITUTE MEDICAL ASSOCIATES,
                                     INC., IMAGE-BASED SURGICENTER
17                                   CORPORATION and WASHINGTON
                                     RESEARCH FOUNDATION

18   Dated:  November 7, 2012        **ARNOLD & PORTER LLP**

19                                   By:   */s/ Jennifer A. Sklenar*

20                                        Jennifer A. Sklenar

21

22                                   ///

23                                   ///

24                                   ///

25                                   ///

26                                   ///

27                                   ///

28                                   ///

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

1

2

Attorneys for
GENERAL ELECTRIC COMPANY

3

4

Dated:  November 7, 2012

**FENWICK & WEST LLP**

5

6

By: ___*/s/ Carolyn C. Chang*___
       Carolyn C. Chang

7

8

Attorneys for
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA

9

10

PURSUANT TO STIPULATION AND THIS COURT'S OCTOBER 2, 2012
ORDER, IT IS SO ORDERED.

11

12

Dated:  November 6, 2012

*Mariana R. Pfaelzer*

13

14

Honorable Mariana R. Pfaelzer
United States District Judge
Central District of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER

Attachment A

**<u>Nondisclosure Agreement</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in *NeuroGrafix, et al. v. The Regents Of The University Of California et al.*, Case No. CV-11-7591 MRP (RZx) and *General Electric Company v. NeuroGrafix, et al.*, Case No. CV 12-4586 MRP (RZx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED:

_____

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28